# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ALVIN DEREK STEWART,<br>Appellant, | DOCKET NUMBER<br>AT-0752-17-0123-I-1 |
| v. | |
| DEPARTMENT OF JUSTICE,<br>Agency. | DATE: April 30, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>James E. Bankston</u>, Florence, Alabama, for the appellant.

<u>Tiane Doman</u>, Esquire, and <u>Katherine H. Reilly</u>, Esquire, Falls Church, Virginia, for the agency.

<u>Sandy Reinfurt</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED (1) to address a finding made by the administrative judge related to the agency's charge and (2) to clarify the basis for finding that the appellant did not prove his claims of disability discrimination or Title VII discrimination and retaliation, we AFFIRM the initial decision.

## BACKGROUND

The appellant was employed by the agency as a legal assistant and was assigned to the Orlando Immigration Court (OIC) in Orlando, Florida. Initial Appeal File (IAF), Tab 13 at 67. During the period between February and early April 2016, he referred to his first-level supervisor as a "spy" and "Grinch," stated "she's outta here," or words to that effect, mocked and laughed at her, and blocked her in the hallway. IAF, Tab 10 at 47-48. He also referred to his assignment to a different supervisor as "emancipation" that was occurring proximate to "Martin Luther King's birthday" in comments to a coworker. *Id*. at 48. Based on these incidents, the agency proposed his removal for inappropriate conduct with eight specifications. *Id*. at 46-51. After the appellant provided a written and oral reply to the proposal, the deciding official issued a decision removing him from Federal service, effective May 14, 2016. IAF, Tab 1 at 14-19, Tab 13 at 67.

The appellant appealed his removal to the Board, arguing that it was the result of discrimination based on his disability, race, national origin, and sex. IAF, Tabs 1, 41. He also argued that the agency retaliated against him for equal employment opportunity (EEO) and whistleblowing activity, violated his due process rights, and committed harmful procedural error. IAF, Tabs 41, 70.

After holding a 4-day hearing, IAF, Tabs 72-74, 85, the administrative judge issued an 83-page initial decision finding that the agency proved all eight specifications of the charge. IAF, Tab 100, Initial Decision (ID) at 18-35. He determined that the appellant's removal was reasonable and promoted the efficiency of the service. ID 35-36. He also found that the appellant failed to prove his affirmative defenses of an alleged due process violation, harmful procedural error, discrimination, and retaliation for engaging in EEO activity. ID at 36-57. Further, although he found that the appellant proved that he engaged in protected activity under the Whistleblower Protection Enhancement Act of 2012 (WPEA) that was a contributing factor to his removal, he concluded that the agency proved that it would have removed the appellant even in the absence of that activity. ID at 57-76.

The appellant has filed a petition for review, wherein he contests the administrative judge's credibility findings and argues that the administrative judge erred in finding that he failed to prove any of his affirmative defenses. Petition for Review (PFR) File, Tab 1 at 8-9, 12-16, 18-22. He also argues that the administrative judge abused his discretion in denying the appellant's motions for a protective order and to reopen the record, and in granting the agency's request for rebuttal witness testimony while denying his request. *Id.* at 10, 16-18. He further argues that the atmosphere of the proceedings created a bias against him, *id.* at 9-10, and that he has new and material evidence that supports his claims, *id.* at 16-18, 29-34. The agency has filed a response. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly found that the agency proved the charge of inappropriate conduct by preponderant evidence.</u>

Similar to a charge of conduct unbecoming a Federal employee and a charge of unacceptable conduct, inappropriate conduct is a generic charge and has no specific elements of proof; the agency establishes the charge by proving that the appellant committed the acts alleged under this broad label and that the conduct was improper, unsuitable, or detracted from the appellant's character or reputation. *See Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 9 (2010) (setting forth this test as to charges of conduct unbecoming and improper conduct); *see also Miles v. Department of the Army*, 55 M.S.P.R. 633, 637 (1992) (finding that an appellant's conduct of running over a deer with a Government vehicle was, under the circumstances, conduct unbecoming a Federal employee because, at the very least, it was unsuitable and tended to detract from his character). Generally, an agency is required to prove its charges in an adverse action appeal by preponderant evidence.[2] 5 U.S.C. § 7701(c)(1)(B).

In seven of the eight specifications of the inappropriate conduct charge, the agency alleged that the appellant engaged in misconduct directed at his first-level supervisor. IAF, Tab 10 at 47-48. The remaining specification related to a comment he made to a coworker as to his "emancipation" from this supervisor. *Id*. At the hearing, the appellant, his first-level supervisor, and a coworker who overheard the appellant's comments as to his "emancipation," among others, testified regarding the allegations. IAF, Tab 72, June 13, 2017 Hearing Compact Disc (HCD1) (testimony of the appellant's first-level supervisor); IAF, Tab 73, June 14, 2017 Hearing Compact Disc (HCD2) (testimony of the appellant's coworker); IAF, Tab 74, June 15, 2017 Hearing Compact Disc (HCD3) (testimony of the appellant). The appellant's supervisor testified regarding her recollection

---

[2] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

of the incidents detailed in the proposed removal, and the appellant generally denied the alleged misconduct in his testimony. HCD1 (testimony of the appellant's first-level supervisor); HCD3 (testimony of the appellant).

When, as here, there is conflicting testimony concerning the appellant's conduct, and it is impossible to believe the testimony of witnesses on both sides, an administrative judge must make credibility determinations to properly resolve the case. *Vicente v. Department of the Army*, 87 M.S.P.R. 80, ¶ 7 (2000). In the initial decision, the administrative judge assessed the credibility of each witness's testimony as it related to each specification pursuant to the factors set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987). ID at 30-31. In doing so, he relied heavily on the witnesses' demeanors. ID at 31-33. He also considered whether the record included prior statements or documentation consistent with the testimony provided. ID at 31-36. He concluded that the appellant's supervisor was a more credible witness. *Id*. He also concluded that the witness who overheard the conversation as to "emancipation" was more credible than the appellant and the coworker with whom he had the conversation, who also testified. *Id*. Based primarily on these credibility determinations, the administrative judge concluded that the agency met its burden to prove the charge by preponderant evidence. *Id*.

On review, the appellant generally argues that the administrative judge wrongfully credited the "deceptive demeanor" of his supervisor, who "used a deceptive emotional display to deceive the [administrative judge] from using good judgement." PFR File, Tab 1 at 7-8. He points to a number of factors weighed by the administrative judge in assessing the credibility of the witnesses' testimony, including the presence or lack of corroborating evidence and witnesses, and the witnesses' potential bias. *Id*. at 7-9, 15; ID at 30-36. We decline to disturb the administrative judge's findings. We discern nothing improper, for example, in the administrative judge's finding that the credible testimony of the appellant's first-level supervisor that the appellant called her a

"spy" was supported by her consistent account in a contemporaneous email she sent to the appellant's second-level supervisor. ID at 31; IAF, Tab 10 at 108; *see Hillen*, 35 M.S.P.R. at 458 (setting forth the consistency of a witness's version of events with other evidence as a relevant factor in assessing witness credibility).

Further, we discern no basis to disturb the administrative judge's demeanor-based credibility determination that the appellant's supervisor's account of this incident was more credible than those of the appellant and his corroborating witness. ID at 31-33; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (observing that the Board generally must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing). The appellant's attempts on review to reweigh this evidence are unpersuasive. PFR File, Tab 1 at 8-9; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). The appellant's other challenges to the administrative judge's findings that the agency proved the facts underlying specifications 1 through 7 are similarly unavailing. PFR File, Tab 1 at 8-9, 15-16.

In specification 8, the agency alleged that, on or about April 7, 2016, the appellant blocked his first-level supervisor in the hallway and that, when she said, "excuse me," he did not move. IAF, Tab 10 at 48. The appellant argues on review that the agency failed to prove the actions described therein. PFR File, Tab 1 at 12-13. He argues that his standing restrictions, which were necessary to accommodate his disabilities, would not have allowed him to stand long enough for his first-level supervisor to have stated "excuse me." *Id*. In finding that the agency proved this specification, the administrative judge credited the appellant's first-level supervisor's testimony, which recalled the incident as described, and

discredited the appellant's testimony as evasive. ID at 27-28, 35. We find that the appellant's assertion that his disability would have prevented him from engaging in the conduct alleged in specification 8 does not constitute a "sufficiently sound" reason to disturb the administrative judge's credibility-based findings regarding this specification. ID at 35; *see Haebe*, 288 F.3d at 1301. We likewise find the appellant's remaining challenges to the administrative judge's credibility-based findings unavailing.

Regarding the appropriateness of the charged misconduct, the administrative judge found that the appellant's proven misconduct was improper as charged, characterizing it as inappropriate, disrespectful, intimidating, and, as to the comment regarding emancipation, racially inappropriate. ID at 32-35. The appellant only disputes this finding as to his "emancipation" comment on review, arguing that the word is not inappropriate because it carries "no pejorative connotation" and is not a threat. PFR File, Tab 1 at 14. We find this argument to be without merit. The underlying sentiment of the appellant's comment essentially suggests that his prior service under his first-level supervisor was equivalent to slavery. As such, we agree with the administrative judge's assessment of the appropriateness of the comment, ID at 34, and we similarly find that, in this particular context, the comment was inappropriate. We find it unnecessary, in light of the agency's use of the generic charge of inappropriate conduct, to make a determination as to whether the comment was "racially" inappropriate, as characterized by the administrative judge. Thus, we modify the initial decision as to this finding, still agreeing with the administrative judge that the agency proved the specification. *See Boo v. Department of Homeland Security*, 122 M.S.P.R. 100, ¶ 14 (2014) (explaining that a generic charge, such as conduct unbecoming, does not include an intent element). Accordingly, we find

that the administrative judge did not err in finding that the agency proved its charge by preponderant evidence.[3]

The appellant failed to prove any of his affirmative defenses.

*Disability discrimination*

The appellant claimed as an affirmative defense that he was discriminated against based on his disabilities. IAF, Tab 41 at 5, 11-20. Specifically, he asserted that the agency failed to accommodate his disabilities by requiring him to lift boxes in violation of his medical restrictions and failing to provide him with an ergonomic workstation. *Id.* at 13-15. The administrative judge found that there was no dispute that the appellant was a qualified individual with a disability, but further found that he failed to "connect[] his removal to his disability." ID at 41-42. The administrative judge concluded that "the appellant failed to establish by a preponderance of the evidence that the agency's decision to remove him was motivated by discrimination on the basis of his disabilities." ID at 42. On review, neither party appears to dispute these findings.

The Rehabilitation Act requires an agency to provide reasonable accommodation to the known physical or mental limitations of an otherwise qualified individual with a disability unless the agency can show that accommodation would cause an undue hardship on its business operations. *Clemens v. Department of the Army*, 120 M.S.P.R. 616, ¶ 10 (2014). However, an employee who engages in misconduct is not "otherwise qualified." *Burton v. U.S. Postal Service*, 112 M.S.P.R. 115, ¶ 17 (2009); *Laniewicz v. Department of Veterans Affairs*, 83 M.S.P.R. 477, ¶ 8 (1999). Because we agree with the administrative judge that the agency proved that the appellant engaged in misconduct, we modify the initial decision to find that the appellant failed to show that he was a qualified individual with a disability, and we affirm the

---

[3] On review, the appellant does not challenge the administrative judge's findings that the agency met its burden to prove a nexus between its action and the efficiency of the service, and that the penalty was within the tolerable bounds of reasonableness. ID at 35-36. We discern no reason to disturb these findings.

administrative judge's finding that he failed to prove his disability discrimination affirmative defense.

> *Prohibited discrimination and reprisal for engaging in protected EEO activity*

The appellant also claimed below that the agency's decision to remove him was motivated by discrimination on the basis of his sex, race, color, and national origin, and that the agency retaliated against him for engaging in protected EEO activity.[4]   IAF, Tab 41 at 5, 11-12, 22-30.   When an appellant asserts an affirmative defense of discrimination or retaliation under 42 U.S.C. § 2000e-16, the Board first will inquire whether the appellant has shown by preponderant evidence that the prohibited consideration was a motivating factor in the contested personnel action.   *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-21.

In the initial decision, the administrative judge discussed the various types of direct and circumstantial evidence and concluded that the appellant failed to prove his discrimination and non-whistleblowing retaliation affirmative defenses. ID at 42-57.  The Board has since clarified that administrative judges should not separate "direct" from "indirect" evidence; rather, the dispositive inquiry is whether the appellant has shown by preponderant evidence that the prohibited consideration was a motivating factor in the contested personnel action.  *Pridgen*, 2022 MSPB 31, ¶¶ 23-24.   Here, the administrative judge discussed the distinction between direct and circumstantial evidence, ID at 42-44, but he did not disregard any evidence because it was not direct or circumstantial, ID at 44-57.   Moreover, the administrative judge properly considered the documentary and testimonial evidence as a whole and concluded that the appellant failed to present sufficient evidence to establish that prohibited discrimination or retaliation for non-whistleblowing activity was a motivating

---

[4] Because the appellant does not appear to directly challenge any of the administrative judge's findings on review regarding these claims, we will not discuss them at length herein.

factor in the agency's decision to remove him. ID at 44-57. Therefore, we modify the initial decision to clarify that the appellant failed to present evidence of discriminatory motive, regardless of how such evidence is characterized. The appellant's substantive rights are not prejudiced by this clarification because he has failed to prove these claims both below and on review, regardless of the clarification.[5] *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

On review, the appellant does not appear to challenge the administrative judge's assessment of the evidence with any meaningful specificity. For example, he generally claims that the administrative judge "practically ignored" his discrimination claims, but the administrative judge's 16-page analysis shows otherwise. PFR File, Tab 1 at 15; ID at 42-57. Further, he disputes the administrative judge's finding that his supervisors were unaware of his numerous EEO complaints. PFR File, Tab 1 at 13-14. We are not persuaded by the appellant's arguments. The administrative judge considered the relevant evidence and argument and found that the appellant failed to prove that his EEO activity was a motivating factor in his removal. ID at 45-57. To the extent that the appellant's challenges to the administrative judge's credibility findings on review constitute a challenge to the analysis of his EEO retaliation claims, we must defer to those determinations absent a "sufficiently sound" reason to disturb those conclusions, and the appellant has not presented such a reason. *See Haebe*, 288 F.3d at 1301.

---

[5] To the extent that one or more of the appellant's EEO complaints contain allegations of retaliation against the appellant for engaging in protected activity as to his disabilities, IAF, Tab 41 at 44, we clarified the standard of causation for such claims in *Pridgen*, 2022 MSPB 31, ¶¶ 31-35, wherein we found that an appellant must show that an agency's retaliatory action(s) would have not occurred but for an appellant's protected activity. Here, the administrative judge applied the "motivating factor" analysis to the appellant's discrimination and EEO retaliation claims. ID at 42-44, 57. Because we agree with the administrative judge's conclusion that the appellant failed to meet the lower "motivating factor" standard, we find that an analysis under the "but for" standard would not result in a different outcome. Thus, the appellant's substantive rights were not prejudiced by any error. *See Panter*, 22 M.S.P.R. at 282.

*Whistleblower reprisal*

The appellant also asserted reprisal for activities and disclosures protected by the WPEA as an affirmative defense. IAF, Tab 41 at 22-32. Once an agency proves an adverse action case by preponderant evidence, an appellant asserting an affirmative defense of reprisal for such disclosures and activity must show by preponderant evidence that he made a protected disclosure or engaged in protected activity and that the disclosure or activity was a contributing factor in the adverse action. *Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 19 (2013); *see Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 12 (2015) (recognizing that, under the WPEA, an appellant may raise an affirmative defense of whistleblower reprisal based on protected activity under 5 U.S.C. § 2302(b)(9) (A)(i), (B), (C), and (D)). If the appellant makes this prima facie showing, the burden of persuasion shifts to the agency to show by clear and convincing evidence that it would have taken the same personnel action in the absence of any protected disclosure or activity. 5 U.S.C. § 1221(e)(2); *Alarid*, 122 M.S.P.R. 600, ¶ 14.

In the initial decision, the administrative judge found that the appellant failed to make any protected disclosures, ID at 61-70, but that, because he had filed previous Board appeals and numerous complaints with the Office of Special Counsel (OSC) and the Office of the Inspector General (OIG), he engaged in protected activity, ID at 60-61 (citing 5 U.S.C. § 2302(b)(9)(A)(i), (C)). He further found that, because the deciding official was aware of this activity and the filings all occurred within a period of slightly more than a year prior to the decision to remove the appellant, the appellant had established that his protected whistleblowing activity was a contributing factor in the agency's decision to remove him. ID at 72. Nonetheless, the administrative judge found that the agency proved by clear and convincing evidence that it would have removed the appellant even in the absence of his protected whistleblowing activity. ID at 72

(citing *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999)).

Although the appellant's challenges on review to the administrative judge's findings regarding his whistleblower claims are not entirely clear, it appears that he is arguing that his disclosure of an alleged affair between his first- and second-level supervisors constituted a protected disclosure. PFR File, Tab 1 at 14-15; IAF, Tab 41 at 4. To be considered a protected disclosure under 5 U.S.C. § 2302(b)(8)(A), an appellant must prove that he reasonably believed the disclosed information evidenced a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8)(A).

After a thorough 10-page analysis of witness testimony and documentary evidence, the administrative judge found that the appellant failed to establish that he reasonably believed that his supervisors were involved in an inappropriate personal relationship, ID at 62, 64, and that, even if he had proven that he reasonably believed that his supervisors were engaged in an affair, he also failed to prove that he had a reasonable belief that the alleged inappropriate relationship evidenced wrongdoing under 5 U.S.C. § 2302(b)(8)(A), ID at 70. We agree with the administrative judge that the appellant's disclosure of an alleged inappropriate relationship does not evidence one of the categories of wrongdoing described in 5 U.S.C. § 2302(b)(8). *See Ayers v. Department of the Army*, 123 M.S.P.R. 11, ¶¶ 23-24 (2015) (holding that an employee's allegation of an improper relationship between her supervisors without any allegation of preferential treatment or violation of law, rule, or regulation, was not a protected disclosure and, thus, could not form the basis of an affirmative defense of whistleblower reprisal). Further, the appellant has not articulated a specific challenge to these findings beyond his general claim that the disclosure was protected, PFR File, Tab 1 at 14-15, and we discern no reason to disturb the initial decision in this regard, *see Weaver v. Department of the Navy*, 2 M.S.P.R.

129, 133-34 (1980) (explaining that the Board will not undertake a complete review of the record unless the appellant identifies specific evidence in the record which demonstrates error), *review denied*, 669 F.2d 613 (9th Cir. 1982) (per curiam).

The appellant also appears to argue that the administrative judge erred in his assessment of the existence and strength of any motive to retaliate on the part of agency officials who were involved in the decision to remove the appellant. PFR File, Tab 1 at 13-14. Specifically, he argues that the administrative judge improperly found that there was no evidence to support the appellant's claim that his first- and second-level supervisors were aware of his protected whistleblowing activity prior to the issuance of the proposed removal because both supervisors should have been aware of his EEO complaints. *Id*.; ID at 74.

The administrative judge's reference to the appellant's protected activity concerns his prior Board appeals and OIG and OSC complaints; he did not determine whether any of the appellant's EEO complaints were subject to the WPEA. ID at 60-61, 71. The Board has held that engaging in EEO activity is considered protected activity under 5 U.S.C. § 2302(b)(9)(A)(i) when the complaint seeks to remedy whistleblower reprisal under 5 U.S.C. § 2302(b)(8). 5 U.S.C. §§ 1221(a), 2302(b)(9)(A); *Bishop v. Department of Agriculture*, 2022 MSPB 28, ¶ 15. We have reviewed the EEO complaints in the record, and it appears that, in his EEO complaint filed on April 19, 2016, the appellant alleged that agency officials engaged in prohibited personnel practices such as making false allegations against him and abusing their authority in reprisal for his prior EEO, OIG, and OSC complaints. IAF, Tab 56 at 6. To the extent that the appellant alleges that this EEO complaint constitutes protected activity under the WPEA, we are without jurisdiction to review this claim. An allegation of reprisal for engaging in protected activity, as opposed to reprisal for making protected disclosures, is not actionable in an IRA appeal. *See Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013) (explaining that the Board lacks

IRA jurisdiction over a claim of reprisal for filing a claim that did not seek to remedy whistleblower reprisal). Therefore, we find that the filing of the appellant's April 19, 2016 EEO complaint does not constitute protected activity.[6]

Nonetheless, because the administrative judge found that the appellant established a prima facie case of whistleblower reprisal with respect to his OSC and OIG complaints and two prior Board appeals, he conducted an analysis to determine whether the agency proved by clear and convincing evidence that it would have taken the same personnel action in the absence of the whistleblowing. ID at 72-76; *see Carr*, 185 F.3d at 1323. In making this determination, the Board considers the strength of the agency's evidence in support of its action, the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision, and any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr*, 185 F.3d at 1323.

In analyzing agency officials' motive to retaliate—the only portion of the *Carr* factor analysis that the appellant appears to challenge on review—the administrative judge observed that the deciding official was not implicated in the appellant's whistleblowing activity. ID at 73. The administrative judge concluded that, although he may have had some institutional motive to retaliate against the appellant as an agency manager, *see Whitmore v. Department of Labor*, 680 F.3d 1353, 1370 (Fed. Cir. 2012), the record did not support the conclusion that he had a significant motive to retaliate against the appellant, ID

---

[6] During the pendency of this appeal, the National Defense Authorization Act for Fiscal Year 2018 (NDAA), Pub. L. No. 115-91, 131 Stat. 1283, was signed into law on December 12, 2017. Section 1097 of the NDAA amended various provisions of title 5 of the United States Code. These amendments expanded protected activity to include complaints to any agency "component responsible for internal investigation or review." Pub. L. No. 115-91, 1097(c)(1)(A), 131 Stat. at 1618 (codified at 5 U.S.C. § 2302(b)(9)(C)). The events related to this appeal occurred in 2016, before the enactment of the NDAA, and the Board has held that the amendment to 5 U.S.C. § 2302(b)(9)(C) is not retroactive. *See Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 29-33, *aff'd*, No. 2022-1967, 2023 WL 4398002 (Fed. Cir. July 7, 2023). Thus, we do not consider here the impact of section 1097 on this appeal.

at 73. The deciding official testified at the hearing that none of the appellant's OIG, OSC, or EEO complaints and Board appeals had any effect on his decision and that he would have removed the appellant in the absence of those claims. HCD2 (testimony of the deciding official); ID at 71-72. We defer to the administrative judge's implicit demeanor-based credibility finding. *See Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372-73 (Fed. Cir. 2016) (holding that, when an administrative judge has held a hearing and has made credibility determinations that were explicitly or implicitly based on the witnesses' demeanor while testifying, the Board generally must defer to those credibility determinations). Because we agree with the remainder of the administrative judge's *Carr* factor analysis, ID at 72-76, we will not disturb his ultimate conclusion that the agency proved by clear and convincing evidence that it would have removed the appellant even in the absence of his protected activity.

*Due process violations*

The appellant also argued as an affirmative defense that the deciding official violated his due process rights by considering emails between his first- and second-level supervisors, as well as other agency officials, regarding the allegations against him. IAF, Tab 70 at 6-12; PFR File, Tab 1 at 21. Although an appellant's right to due process can extend to ex parte information provided to a deciding official, only ex parte communications that introduce new and material evidence to the deciding official constitute due process violations. *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011); *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376-77 (Fed. Cir. 1999). An employee's due process rights are not violated when he receives or is made aware of, but does not request, all of the materials underlying his proposed removal. *See McNab v. Department of the Army*, 121 M.S.P.R. 661, ¶ 18 (2014) (finding that no due process violation occurred when an appellant was made aware of, but did not request, agency materials supporting his proposed removal).

The administrative judge found that the emails in question were attached to the notice of proposed removal that the agency served on the appellant. ID at 37. Thus, he found that the appellant failed to establish by preponderant evidence that the agency removed him from his position without affording him due process. ID at 38. Although the appellant's arguments on review are not a model of clarity, it appears that he is reasserting his claim that the deciding official improperly relied on emails to which he was not given an opportunity to respond. PFR File, Tab 1 at 20-21. We have reviewed the record, and we agree with the administrative judge that the appellant was provided access to the emails upon receipt of the proposal notice. IAF, Tab 10 at 46-51, 107-110, 115-124.

The appellant also appears to argue that the agency violated his due process rights because the deciding official relied on documents that the appellant received through a Freedom of Information Act (FOIA) request after the decision letter was issued. PFR File, Tab 1 at 21; IAF, Tab 57 at 15-25. The documents in question are emails the agency provided to the appellant with heavy redactions for FOIA exceptions. IAF Tab 57 at 15-25. If they contain substantive information, the appellant has not provided it and does not claim that he filed a motion to compel below or that the agency improperly redacted the documents. Thus, we discern no basis to conclude from these emails that the deciding official received new and material information during his deliberations. *Cf. Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005) (declining to consider the appellant's arguments on review that the agency failed to respond to his discovery requests because he did not file a motion to compel below), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006).

The appellant also appears to argue on review that the agency violated his due process rights because the deciding official was biased. PFR File, Tab 1 at 20-21. Specifically, he argues that the deciding official was improperly influenced by the appellant's first- and second-level supervisors. *Id*. To establish a due process violation based on the identity of a deciding official, an appellant

must assert specific allegations indicating that the agency's choice of deciding official made the risk of unfairness to the appellant intolerably high. *Holton v. Department of the Navy*, 123 M.S.P.R. 688, ¶ 30 (2016). The appellant has made no such allegations.

Accordingly, we agree with the administrative judge that the appellant failed to prove that the agency violated his due process rights.

*Harmful procedural error*

The appellant also argued as an affirmative defense that the agency committed harmful procedural error by violating Department of Justice Policy Memorandum 2015-04 when it failed to conduct an investigation into his allegations of harassment by his supervisor, IAF, Tab 94 at 19; PFR File, Tab 1 at 22, and by failing to provide him with an opportunity to respond to the allegations against him prior to the issuance of the proposed removal, IAF, Tab 41 at 10; PFR File, Tab 1 at 20. For a procedural error to warrant reversal of an agency action, the appellant must establish that the agency committed a procedural error that likely had a harmful effect on the outcome of the case before the agency. *Powers v. Department of the Treasury*, 86 M.S.P.R. 256, ¶ 10 (2000); 5 C.F.R. § 1201.56(c)(1).

The administrative judge considered the appellant's arguments and found that the policy was "essentially a statement describing the stance of the [agency] regarding claims of harassment in the workplace [and] did not require the agency to take any specific actions upon receiving a complaint of harassment." ID at 38-39. He further found that, to the extent the policy provides that the agency will take swift corrective action against any agency employee who engages in harassment, the appellant failed to establish that the agency determined that any of the agency employees involved in the decision to remove him actually engaged in harassment. ID at 39.

On review, the appellant reasserts this argument, PFR File, Tab 1 at 22, but he has not provided any reason to disturb the administrative judge's rulings.

Regardless of whether the agency violated the policy at issue, the appellant has not shown that any error likely caused the agency to reach a different conclusion in the removal proceedings from the one it would have reached in the absence or cure of any error related to the policy. *See Powers*, 86 M.S.P.R. 256, ¶ 10; 5 C.F.R. § 1201.4(r). As such, we find no error in the administrative judge's ruling.

Regarding the appellant's argument that he was not provided with an opportunity to respond to the allegations against him prior to the issuance of the proposal notice, the administrative judge found that he failed to establish that there was any specific policy or regulation that required the agency to afford the appellant an opportunity to respond to allegations of misconduct prior to issuing a proposal to take adverse action against him. ID at 38. The appellant reasserts this argument on review, but he has not pointed to any law, rule, or regulation that requires an agency to provide such an opportunity before it issues a proposed adverse action. To the extent he is alleging a violation of his right to respond to the charges, this right attaches after the issuance of a proposed action but before a final decision on that proposal is issued. *See* 5 U.S.C. § 7513(b); *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 542-45 (1985).

Accordingly, we agree with the administrative judge that the appellant failed to prove his affirmative defense of harmful error.

<u>The administrative judge did not abuse his discretion in denying the appellant's motion for a protective order, allowing additional agency witnesses, or denying the appellant's requests for rebuttal witnesses and motion to reopen the record.</u>

The appellant argues on review that the administrative judge abused his discretion when he denied the appellant's motion for a protective order to "protect [his] witnesses from any forms of [a]gency witness tampering, intimidation, threats, harassment, and retaliation for providing any true testimony." PFR File, Tab 1 at 10; IAF, Tab 67 at 4. The administrative judge denied the motion, with the caveat that if, during the hearing, he formed the

impression that such an order was necessary, he would reconsider the ruling. IAF, Tab 71.  The appellant argues that the administrative judge abused his discretion in denying this motion because it directly affected his witnesses' willingness to provide accurate testimony due to fear of retaliation.  PFR File, Tab 1 at 10.  The appellant also argues on review that the administrative judge abused his discretion when he approved the agency's rebuttal witnesses from the Social Security Administration but denied his additional witness requests and when he denied the appellant's motion to reopen the record for consideration of purportedly new evidence discovered after the record closed below but before the initial decision was issued.  *Id*. at 16-18; IAF, Tab 94 at 36-37.

We find that all of these decisions fall within the administrative judge's broad scope of authority and discretion to control the proceedings before him. 5 C.F.R. § 1201.41(b)(8), (10), (14).  A request for a protective order will not be granted based on mere speculation.  *Pumphrey v. Department of Defense*, 122 M.S.P.R. 186, ¶ 14 (2015).  The appellant did not explain his request below, and only speculates about potential wrongful acts by the agency on review.  IAF, Tab 67; PFR File, Tab 1 at 10.  We find that the administrative judge properly denied the appellant's motion.  IAF, Tab 71 at 2.  Regarding the approval of the agency's rebuttal witnesses, the appellant argued that allowing these witnesses was an abuse of discretion because they were only called to discredit his testimony.  PFR File, Tab 1 at 10-11; IAF, Tab 94 at 36-37.  However, the Board has treated impeachment evidence as a relevant consideration for an administrative judge.  *See Heller v. Department of the Army*, 36 M.S.P.R. 675, 680 (1988) (finding that agency evidence that is offered to show possible bias of a witness and to rebut the testimony of a witness was relevant and properly admitted).  Moreover, in granting the agency's request to call additional witnesses, the administrative judge noted that the witnesses were unable to testify during the earlier portion of the hearing due to time constraints.  IAF, Tab 79 at 1 n.1.  Based on the foregoing, we find that the administrative judge properly

exercised his discretion in controlling the proceedings. *See* 5 C.F.R. § 1201.41(b)(8).

Regarding the appellant's witness requests denied by the administrative judge, we similarly find no abuse of discretion. Like the agency, the appellant requested rebuttal witnesses for the similar purpose of impeaching other witness testimony. IAF, Tab 78. However, the administrative judge denied the appellant's requested witnesses because each of them had already testified at the hearing and had an opportunity to rebut any of the agency's proffered evidence. IAF, Tab 79 at 1 n.1. Because an administrative judge has the authority to exclude testimony that he believes would be irrelevant, immaterial, or unduly repetitious, we find the administrative judge's ruling to be a proper exercise of discretion. *Parker v. Department of Veterans Affairs*, 122 M.S.P.R. 353, ¶ 21 (2015); 5 C.F.R. § 1201.41(b)(10). Moreover, the appellant has not adequately or clearly explained in his petition for review how testimony from these witnesses might have changed the outcome of his appeal. PFR File, Tab 1 at 16-18. As such, he does not articulate a basis to grant review. *See Hulett v. Department of the Navy*, 120 M.S.P.R. 54, ¶ 5 n.2 (2013) (declining to grant review based on an appellant's claim that the administrative judge improperly curtailed his cross examination of the deciding official because the appellant did not explain what information he hoped to obtain or how it would affect the outcome of his appeal).

Regarding the appellant's argument that the administrative judge erred when he denied the appellant's request to reopen the record to admit purportedly new and material evidence, PFR File, Tab 1 at 16-17, we find no abuse of discretion. After the hearing, the appellant filed a motion to submit new evidence, including an unsworn statement by a coworker dated July 16, 2017, a letter of counseling issued to that same coworker in July 2012, a copy of that coworker's annual performance rating for 2011, and copies of emails dated September 7, 2010, and September 16, 2012. IAF, Tab 87. The administrative judge denied the motion. ID at 16-17 n.9. He reasoned that the record on appeal

closed with the conclusion of the hearing, and the information sought to be admitted was available before the record closed on July 14, 2017. *Id*.; *see* 5 C.F.R. § 1201.59(a), (c) (explaining that the record normally closes at the conclusion of the hearing, after which only evidence or argument that was not readily available or that rebuts the other party's evidence or argument submitted just before the record closed will be accepted). The appellant has not specifically disputed that finding on review, and we decline to disturb it.

In sum, the appellant has provided no evidence or compelling argument to support his claims that the administrative judge's rulings extended beyond this well-established discretion. *See Pecard v. Department of Agriculture*, 115 M.S.P.R. 31, ¶ 15 (2010) (stating that the abuse of discretion standard is a very high standard and allows for great deference). Accordingly, we find that the appellant has failed to show that the administrative judge abused his discretion or committed reversible error.[7]

The appellant has not presented any new and material evidence that warrants a reversal of the initial decision.

On review, the appellant seeks to resubmit his coworker's June 16, 2017 statement and also attaches what appear to be unsigned and undated notes from this coworker. PFR File, Tab 1 at 17-18, 29-34. Because the information contained in these documents concerns events predating the close of the record below and the individual who authored them testified on the appellant's behalf,

---

[7] The appellant also argues on review that "the agency preset the atmosphere at the start of the trial[] by inserting armed guards and posting them next to [the appellant] as if [the appellant] was a criminal on trial and under arrest to influence [the administrative judge] with the appearance that he was violent." PFR File, Tab 1 at 9. To the extent that the appellant is arguing that the administrative judge was either biased in permitting the armed guards or that their presence caused the administrative judge to become biased, we find the appellant's claims insufficient. An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002)). The appellant's assertions here do not meet this rigorous standard.

they provide no basis for granting review. *See* 5 C.F.R. § 1201.115(d) (providing that the Board will grant a petition for review based on new evidence, and that to constitute such evidence, the information contained in the documents, and not just the documents themselves, must have been unavailable despite due diligence when the record closed).

We have considered all of the appellant's arguments on review but have concluded that a different outcome is not warranted. Except as expressly modified as outlined above, we affirm the initial decision and deny the appellant's petition for review.

## NOTICE OF APPEAL RIGHTS[8]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.